UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAGOBERTO GUERRA,<br><br>   Plaintiff,<br><br>v.<br><br>APEX BUSINESS SOLUTIONS, LLC,<br><br>   Defendant. | Case No. 1:21-cv-00734 |

## COMPLAINT

**NOW COMES** Plaintiff, DAGOBERTO GUERRA, through undersigned counsel, complaining of Defendant, APEX BUSINESS SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DAGOBERTO GUERRA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1173 Dickens Way, Apartment F, Schaumburg, Illinois 60193.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. APEX BUSINESS SOLUTIONS, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of California.

7. Defendant maintains a principal place of business at 2026 North Riverside Avenue, Suite C-188, Rialto, California 92377.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## GENERAL ALLEGATIONS

10. The statute of limitations for written contracts and debts is ten years.

11. The statute provides further: "if any payment or new promise to pay has been made, in writing … within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay." 735 ILCS 5/13-206.

12. That is, a new payment or written promise to pay starts a new ten-year clock.

13. The five-year limit of 735 ILCS 5/13-205 seems to apply if the plaintiff-debt collector does not have written proof of the debt.

14. Illinois courts hold that a new promise to pay will also start a new five-year clock under this statute.

## FACTUAL ALLEGATIONS

15. Plaintiff applied for an Old Navy Credit Card

16. Upon approval, GE Capital Retail Bank issued Plaintiff a credit card bearing an account number ending in 9590.

17. Plaintiff activated this card and began using his card for personal and household purchases.

18. Over time, Plaintiff made no less than $581.88 in charges to this card.

---

[1] **Collections.** Standard collections consists of phone calls and letters to debtors that owe you money. We provide monthly reports and work on contingency basis. https://www.apexbussolutions.com/practice-areas (last accessed February 9, 2021).

19. However, Plaintiff's financial situation changed; Plaintiff defaulted on payments; and on January 23, 2005, Plaintiff's $581.88 balance was charged-off.

20. Subsequently, Plaintiff's balance was referred for collection.

21. Defendant mailed Plaintiff a NOTICE OF INTENTION TO FILE AN I.R.S. 1099-C FORM, dated January 20, 2021 (the "Notice"), which stated:

**NOTICE OF INTENTION TO FILE AN I.R.S. 1099-C FORM**

Apex Business Solutions is the legal owner of the account referenced in the box below. This debt is scheduled to be discharged and will be reported to the **I.R.S. through a 1099-C filing** for the 2020 tax year as uncollectible debt. The basis for reporting this debt is due to the statute of limitations or expiration of deficiency period as indicated by the identifiable event code "C" found in box 6 on the I.R.S. 1099-C Cancellation of Debt form found on the following page.

| | |
|---|---|
| ORIGINAL CREDITOR | GE Capital – Old Navy |
| CURRENT ACCOUNT NUMBER | [REDACTED] |
| CURRENT CREDITOR | Apex Business Solutions |
| CHARGE-OFF BALANCE | $581.88 |
| INTEREST | $928.46 |
| TOTAL AMOUNT OWED | **$1,510.34** |
| CHARGE OFF DATE | 1/23/2005 |
| CLIENT CLAIM NUMBER | **21M13362** |

As a courtesy, Apex Business Solutions is willing to offer you the opportunity to satisfy this debt for a discounted rate that forgives the interest that has accrued as well as a portion of the principal balance.

* Apex Business Solutions will accept a one-time payment in the amount of $377.58.

* Apex Business Solutions will accept 6 payments in the amount of $72.63.

If you wish to settle this matter but the above payment options are not feasible, please contact our office to speak with one of our account managers that can discuss alternative payment terms that suit your financial needs.

Should you choose to not take advantage of this offer, we will have to write this debt off our books and report it as "uncollectible" debt to the I.R.S. through a 1099-C filing. The I.R.S. will add the money you owe Apex Business Solutions to your total taxable income. They will expect you to pay taxes on that income, which could exceed 50% depending on your circumstances.

If no settlement is agreeable, please use the form on the next page to file with your 2020 taxes.

22. The Notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Notice provided two payment arrangements, two of which offer discounts varying from 25% to 29% off the $1,510.34 balance.

24. The Notice *did not* inform Plaintiff that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt.

25. The Notice failed to disclose that the Notice was from a debt collector.

## DAMAGES

26. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

27. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

28. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

29. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

30. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

31. Here, Defendant failed to comply with its obligation to provide substantive information; instead, deceptively seeking to entice payment from Plaintiff.

32. By doing so, Defendant presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the FDCPA.

33. Concerned with having had his rights violated, Plaintiff sought counsel— expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information

5

obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

36. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

37. Defendant clearly made "offers" to settle Plaintiff's $1,510.34 balance with savings. However, they failed to include any indication that collection of Plaintiff's $1,510.34 balance is time-barred or that payment (or promise of payment) on Plaintiff's $1,510.34 balance could revive the statute of limitations.

38. Accordingly, Seventh Circuit precedent suggests that, as a matter of law, Defendant's phone calls were misleading; violating 15 U.S.C. §§ 1692e(10) and f because they were silent about the significant risk of losing the protection of the statute of limitations. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014).

39. Because the Notice was not Defendant's initial communication, 15 U.S.C. § 1692e(11) required that the Notice disclose only that it is from a debt collector. The Notice clearly did not do so; therefore, violating 15 U.S.C. § 1692e(11).

40. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(10), e(11), and f pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(10), e(11), and f;

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 9, 2021      Respectfully submitted,

                **DAGOBERTO GUERRA**

                By: */s/ Joseph S. Davidson*

                Joseph S. Davidson
                LAW OFFICES OF JOSEPH P. DOYLE LLC
                105 South Roselle Road
                Suite 203
                Schaumburg, Illinois 60193
                +1 847-985-1100
                jdavidson@fightbills.com